# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 11-0303-WS |
| ) | |
| BRANDON FREEMAN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on defendant's Motion to Vacate Sentence (doc. 29), filed in reliance on *Johnson v. United States*, --- U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), and *Welch v. United States*, --- U.S. ----, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

Defendant, Brandon Freeman, entered a plea of guilty to the charge of felon in possession of a firearm, in violation 18 U.S.C. § 922(g)(1). (*See* doc. 18.) At the sentencing hearing held on May 2, 2012, the undersigned adopted all recommended sentencing findings contained in the Presentence Investigation Report ("PSR"). Those calculations fixed Freeman's offense level at 33, by operation of U.S.S.G. § 4B1.4(b).[1] After a three-point adjustment for acceptance of responsibility, Freeman's total offense level was calculated at 30. Because his previous criminal

---

[1] In so doing, the PSR included language that "the defendant is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) and is considered to be an armed career criminal." (Doc. 21, ¶ 23.) Such a finding was a necessary precondition to application of U.S.S.G. § 4B1.4(b); after all, that guideline delineates the offense level for an "armed career criminal," which it defines as "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)." U.S.S.G. § 4B1.4(a)-(b). Thus, the PSR's finding that Freeman was subject to the armed career criminal guideline at U.S.S.G. § 4B1.4(a)-(b) for purposes of calculating his offense level necessarily meant that he was subject to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which would have led to imposition of a mandatory minimum sentence of 180 months. Despite this finding, the PSR elsewhere overlooked the ACCA by indicating that the statutory maximum sentence that could be imposed was 120 months, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 21, ¶¶ 87-88.) This appears to be an oversight in the PSR that redounded to Freeman's benefit at sentencing because the ACCA's enhanced mandatory minimum penalty of 180 months was not imposed, even though by all appearances it was applicable. In other words, Freeman caught a break.

convictions resulted in a subtotal of 14 criminal history points, plus two additional points because he was on probation supervision at the time he committed the instant offense, Freeman was found to have a criminal history category of VI. This combination of total offense level (30) and criminal history category (VI) yielded a calculated guidelines range of 168 to 210 months. At sentencing, however, the Court found that Freeman was subject to a statutory maximum of 120 months pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2); therefore, by operation of U.S.S.G. § 5G1.1(a), Freeman's guideline range was 120 months. Freeman ultimately received a guideline sentence of 120 months' imprisonment. (*See* doc. 26.)

In his § 2255 Motion (the first he has ever filed in this case), Freeman seeks the benefit of retroactive application of the Supreme Court's holding in *Johnson* that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S.Ct. at 2563. Ordinarily, § 2255 motions seeking *Johnson* relief are brought by petitioners who were sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to an enhanced mandatory minimum sentence of 180 months that is substantially larger than the guideline range they would have otherwise faced. Freeman's § 2255 Motion is different because he was not sentenced to an ACCA mandatory minimum. He was, however, considered an armed career criminal (using the criteria and definitions found at § 924(e)) for purposes of computing his offense level of 33 pursuant to the armed career criminal guideline, U.S.S.G. § 4B1.4.

Eligibility for the armed career criminal guideline is directly linked to the ACCA; indeed, that guideline defines "armed career criminal" as "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)." U.S.S.G. § 4B1.4(a). If Freeman is no longer subject to an enhanced sentence under the ACCA, then the armed career criminal guideline should no longer apply. The Eleventh Circuit has so held in a post-*Johnson* unpublished decision. *See United States v. Kirk*, 636 F3d.Appx. 548, 551 (11th Cir. Jan. 28, 2016) (vacating sentence and remanding for resentencing because "Kirk is no longer subject to a *statutory* enhanced sentence under § 924(e)(1), and thus § 4B1.4 no longer applies.").

Nonetheless, Freeman's § 2255 Motion misses the mark. Here is why: Recall that *Johnson* only declared the residual clause of § 924(e) to be unconstitutional. The ACCA applies when a defendant "has three previous convictions … for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

Under the ACCA's definitions, a previous conviction qualifies as a "violent felony" if it satisfies any one of the following: (i) the elements clause (namely, that it "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i)); (ii) the enumerated clause (namely, that it "is burglary, arson, or extortion, [or] involves use of explosives," 18 U.S.C. § 924(e)(2)(B)(ii)); or (iii) the residual clause (namely, that it "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii)).

The problem with Freeman's § 2255 Motion is that, even after *Johnson* eradicated the residual clause, he still has three predicate offenses that render him ACCA-eligible. Specifically, Freeman had two prior convictions for first-degree possession of marijuana, one in 2004 (Mobile County Circuit Court #CC2004-3261) and the other in 2007 (Mobile County Circuit Court #CC2007-434). (Doc. 21, ¶¶ 46, 48.) These two convictions qualify as "serious drug offenses" for ACCA purposes,[2] and their status as ACCA predicates is wholly unaffected by *Johnson* and its ilk. And Freeman also had a 2004 conviction for second-degree robbery (Mobile County Circuit Court #CC2004-2247). (*Id.*, ¶ 44.) That conviction qualifies as a violent felony under the ACCA's elements clause because it has as an element the use, attempted use, or threatened use of physical force against the person of another. *See Ex parte Cole*, 842 So.2d 605, 609 (Ala. 2002) ("robbery in the second degree requires the use of force or the threatened use of force"); *United States v. Dees*, 2014 WL 2885481, *2 (S.D. Ala. June 25, 2014) (finding that Alabama crime of robbery second degree "categorically requires as an element the use, attempted use or threatened use of physical force against another person"). Because Freeman's second-degree robbery conviction qualifies as an ACCA violent felony under the elements clause, it remains a valid predicate offense notwithstanding the Supreme Court's decision in *Johnson*.

Simply put, Freeman is not entitled to sentencing relief at this time because his sentence and guideline range are in no way affected by the *Johnson* decision striking down the residual clause of § 924(e). The Court did not rely on the residual clause at Freeman's sentencing hearing in finding that he had three ACCA predicate offenses. Those three predicates (two convictions for serious drug offenses and one conviction for a violent felony under the elements clause) remain intact even after *Johnson*. Because Freeman had and has three prior convictions for

---

[2] *See, e.g., United States v. Robinson*, 583 F.3d 1292, 1296-97 (11th Cir. 2009).

violent felonies or serious drug offenses, he was properly classified as an armed career criminal under § 924(e) and therefore subject to the armed career criminal guideline found at U.S.S.G. § 4B1.4.  None of those determinations are undermined or negated by *Johnson*.

In sum, Freeman has filed a § 2255 Motion in which he argues that his sentence must be vacated because the residual clause of the armed career criminal guideline is unconstitutionally void for vagueness.  But none of Freeman's three ACCA-qualifying predicate offenses turn on application of the residual clause.  Accordingly, even after eliminating all consideration of the residual clause pursuant to *Johnson*, Freeman still has three prior convictions for serious drug offenses or violent felonies.  Therefore, he was properly classified as an armed career criminal, and was properly sentenced using the enhanced provisions of U.S.S.G. § 4B1.4.  *Johnson* and its progeny have no effect on Freeman's sentence.

For all of the foregoing reasons, the Government's Supplemental Motion to Dismiss (doc. 33) is **granted** and Freeman's § 2255 Motion (doc. 29) is **denied**.  The Court **certifies** that any appeal from this determination would be frivolous and not brought in good faith; therefore, Freeman may not take an appeal *in forma pauperis* from this ruling, nor will he be granted a certificate of appealability in connection with same.

DONE and ORDERED this 15th day of August, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE