IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON FREEMAN, ) | |
| BOP Reg. # 12326-003, ) | |
|   Movant, ) | CIVIL ACTION NO. 1:21-349-WS-N |
| ) | |
| v. ) | |
| ) | CRIMINAL ACTION NO. 1:11-303-WS-N-1 |
| UNITED STATES OF AMERICA, ) | |
|   Respondent. ) | |

### REPORT AND RECOMMENDATIONS

    Brandon Freeman, a federal inmate proceeding *pro se*, filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 dated July 25, 2021 (Doc. 38), challenging the judgment entered against him in the above-styled criminal action. The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (8/6/2021 electronic reference). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the § 2255 motion, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

    After preliminary review of the § 2255 motion under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the undersigned finds that it plainly appears from the motion and the record of this case

that Freeman is not entitled to relief because the motion is an unauthorized second or successive § 2255 motion that is due to be dismissed for lack of jurisdiction.

## I.   *Analysis*

### A.   Second or Successive Motion

The Court entered Freeman's criminal judgment on May 10, 2012. (*See* Doc. 26). Freeman took no direct appeal. Freeman then filed *pro se* his first § 2255 motion dated June 22, 2016, challenging that judgment. (*See* Doc. 29). The Court dismissed Freeman's first § 2255 motion as meritless on motion of the Government. (*See* Doc. 34). There is no indication in the record that Freeman attempted to appeal the dismissal of his first § 2255 motion, and his present § 2255 motion attacks the same criminal judgment.

"Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ." Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014) ("If a court determines that a § 2255 motion is 'second or successive,' the motion must be certified by the court of appeals before the district court may reach the merits

2

of the motion."); *In re Clayton*, 829 F.3d 1254 (11th Cir. 2016) (same). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam);[1] *see also Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014) (per curiam) ("[A] district judge lacks jurisdiction to decide a second or successive petition filed without [the] authorization" of the court of appeals.").[2] As there is no indication in the record that the Eleventh Circuit Court of Appeals has granted Freeman leave to bring his present, second § 2255 motion, this Court lacks jurisdiction to consider its merits. Accordingly, Freeman's present § 2255 motion (Doc. 38) is due to be **DISMISSED without prejudice** for lack of jurisdiction.

## B.    Certificate of Appealability

Generally, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing § 2255 Proceedings. However, a COA is unnecessary

---

[1] Freeman's current § 2255 motion brings four claims relying on the Supreme Court's holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). While the Supreme Court issued this decision after the Court dismissed Freeman's first § 2255 motion, the Eleventh Circuit held that *Rehaif* claims "fail[] to meet the statutory criteria for a second or successive application" because the decision "did not announce a new rule of constitutional law and, even if it did, it has not been made retroactive to cases on collateral review by the Supreme Court." *In re Price*, 964 F.3d 1045, 1049 (11th Cir. 2020). Without authorization from the Eleventh Circuit, Freeman's invocation of *Rehaif* is not enough to confer jurisdiction on this Court to entertain his second or successive § 2255 motion.

[2] "[S]econd or successive status . . . attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014). Here, Freeman's first § 2255 motion was dismissed on the merits. (*See* Doc. 34).

when, as here, the district court is dismissing a successive petition for lack of jurisdiction. *See Hubbard v. Campbell,* 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).

### C.     Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is *860 "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

As Freeman's present § 2255 motion is clearly due to be dismissed as an unauthorized second or successive motion, the undersigned **RECOMMENDS** the Court certify that any appeal by Freeman of the dismissal of the present § 2255

motion would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal that decision *in forma pauperis*.[3]

## II.  *Conclusion & Recommendation*

In accordance with the foregoing analysis, it is **RECOMMENDED** that Freeman's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 dated July 25, 2021 (Doc. 38) be **DISMISSED without prejudice** for lack of jurisdiction, and that the Court find Freeman not entitled proceed *in forma pauperis* on appeal of that dismissal.

**DONE** this the 19th day of August 2021.

>   */s/ Katherine P. Nelson*
>   **KATHERINE P. NELSON**
>   **UNITED STATES MAGISTRATE JUDGE**

---

[3] Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, the movant may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

5

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.